UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENT TAYLOR,<br><br>        Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>        Respondent. | Case No. 20-cv-06319-VC (PR)<br><br>**ORDER OF DISMISSAL WITH PREJUDICE; DENYING CERTIFICATE OF APPEALABILITY** |

Kent Taylor filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in the Santa Clara County superior court. On November 4, 2020, the court issued an order of dismissal with leave to amend. In the order, the court noted that Taylor's petition indicated he was sentenced in August 2017 for approximately one year and his federal petition was filed on September 4, 2020. Under 28 U.S.C. § 2254(a), the federal writ of habeas corpus is only available to people "in custody" at the time the petition is filed (that is, incarcerated or under some other court-ordered restriction on freedom of movement). Because it appeared that Taylor was not in custody when he filed his petition, the court dismissed the petition with leave to amend.

Instead of filing an amended petition addressing the custody issue, Taylor filed several unresponsive motions. On January 12, 2021, the court issued an order denying the motions and allowing Taylor another opportunity to explain how he was in custody at the time he filed his petition. The order stated that Taylor did not have to amend his petition, but only to file a declaration explaining how he was in custody.

On March 9, 2021, Taylor filed a letter explaining the circumstances causing his late filing. Taylor states that, on August 17, 2017, he was convicted and sentenced to one year of probation, which ended on August 17, 2018. On June 18, 2018, while Taylor was on probation, he was injured in an automobile collision. This caused a delay in filing his petition. On December 20, 2018, Taylor was re-injured in another automobile collision, which caused another delay. Taylor has a history of lower back problems and pain. Then, starting in March 2019, the Covid-19 pandemic caused more delays. Taylor argues these "extrinsic" circumstances made it impossible for him "to file his petition within the required guidelines."

28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Section 2254's requirement that a petitioner must be in custody when he files a federal habeas petition is jurisdictional and, thus, cannot be waived. *See e.g., Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) ("in custody" requirement not satisfied if sentence has already been served; petitioner must be in custody at time petition is filed); *Bailey v. Hill*, 599 F.3d 976, 978 (9th Cir. 2010) ("Section 2254(a)'s 'in custody' requirement is jurisdictional and therefore 'it is the first question we must consider.'"). Taylor's custody ended on August 17, 2018 and he filed his petition on September 4, 2020, over two years after his custody terminated. The fact that Taylor was in an automobile accident in June 2018 and in another accident in December 2018 cannot overcome the "in custody" requirement. The court knows of no case where the "in custody" requirement was waived because of such circumstances.

Taylor argues that 28 U.S.C. § 2254(b)(1)(B)(i) and (ii) gives the court jurisdiction over his petition even though he was not in custody when he filed it.

Section 2254(b)(1) states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

      (A) the applicant has exhausted the remedies available in the courts of the State; or

      (B) (i) there is an absence of available State corrective process; or

          (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Taylor argues that because his state appeals process was procedurally unsuccessful, there is an absence of State corrective process for him and, thus, sections 2254(b)(1)(B)(i) and (ii) allow him to file his petition. Taylor misunderstands the purpose of section 2254(b). It applies to the requirement that a petitioner must first exhaust all of his habeas claims in state court before he files a federal petition. It does not address the "in custody" requirement at all and so does not supersede the "in custody" requirement.

Because Taylor was not in custody when he filed his petition, the court lacks jurisdiction over it. Therefore, the petition is dismissed. Dismissal is with prejudice because amendment would be futile.

A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel* 529 U.S. 472, 484 (2000). The Clerk shall terminate all pending motions, enter a separate judgment and close the file.

**IT IS SO ORDERED.**

Dated: June 30, 2021

                                        VINCE CHHABRIA
                                        United States District Judge